# In the United States Court of Federal Claims

No. 16-1090L
(Filed February 1, 2017)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * *
                                 *
                                 *
TEMOR S. SHARIFI,               *
                                 *
            Plaintiff,          *
                                 *
     v.                          *
                                 *
THE UNITED STATES,              *
                                 *
            Defendant.          *
                                 *
* * * * * * * * * * * * * * * * * *
```

## ORDER

Plaintiff alleges that property he owns in Deh-e-Kowchay, Arghandab District, Kandahar, Afghanistan, was physically taken by the United States Department of Defense. Compl. ¶¶ 3, 4, 15. More specifically, Mr. Sharifi alleges that he owns a portion of a 38 jerib parcel that he inherited from his father and that "the Army used his land and that of his neighbors to construct Combat Outpost Millet." Compl. ¶¶ 4, 13.

Defendant has moved for a more definite statement, under Rule 12(e) of the Rules of the United States Court of Federal Claims (RCFC), arguing that "[p]laintiff's complaint is vague and ambiguous because it does not specifically identify the property interest allegedly taken by the United States." Def's Mot. at 2. The government notes that Combat Outpost Millet is "less than six *jeribs* in size . . . and would not have encompassed the entire 38-*jerib* parcel" owned by plaintiff's father. *Id.*

Although plaintiff elaborates that "houses and trees on his property had been demolished by the Army," Compl. ¶ 8, and that a tenant farmer of the land has been displaced, *id.* ¶ 9, these descriptions are not enough for defendant to identify the specific property allegedly taken. Nor is its precise location determinable by the allegation that Combat Outpost Millet occupied it, as plaintiff alleges that land of

his neighbors was also taken in constructing the facility.  *See* Compl. ¶ 13.  While the Court recognizes that different countries will have their own customs and practices regarding the formalities employed in recognizing property ownership, those of Afghanistan should not prevent plaintiff from providing more specific information concerning the location of his land, to satisfy RCFC 8(i).  Indeed, Mr. Sharifi alleges that he has provided "proof of ownership of the land" in question to a local U.S. Army officer, with "documentation" which "had been verified by the District Governor for Arghandab District."  Compl. ¶ 11.  This same sort of information should be included in the complaint, to properly inform the government of the cause of action brought by plaintiff.

For the above reasons, defendant's motion for a more definite statement is hereby **GRANTED**.  Plaintiff shall file an amended complaint on or by **Wednesday, February 15, 2017**, specifically identifying the land that he owns that was allegedly taken --- either by attaching as an exhibit the documentation referred to in paragraph 11 of the initial complaint, or in some other way describing the specific location of the land owned by him (and not his neighbors).

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge